# Substantial Building & Loan Association, Appellant, *v.* The Industrial Trust, Title & Savings Company.

*Negotiable instruments—Illegal appropriation thereof—Damages —Amount.*

In an action of assumpsit on a check illegally negotiated by the treasurer of the payee, a verdict in favor of the plaintiff for

the amount actually misappropriated by the treasurer will be sustained. In such case, the plaintiff is not entitled to a verdict for the full amount of the check where a part of the proceeds thereof was deposited to its credit by the defaulting official.

Argued October 5, 1923. Appeal, No. 178, Oct. T., 1923, by plaintiff, from judgment of Municipal Court of Philadelphia, Oct. T., 1922, No. 574, in case tried by the court without a jury, in the suit of Substantial Building & Loan Association v. The Industrial Trust, Title & Savings Company. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit on a negotiable instrument. Before CASSIDAY, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court entered judgment in favor of the plaintiff in the amount of $206.63. Plaintiff appealed.

*Error assigned,* among others, was the action of the court in failing to enter judgment in favor of the plaintiff in the sum of $705.20, the full amount of the check.

*Albert L. Moise,* for appellant.

*William E. Caveny,* and with him *P. F. Rothermel, Jr.,* for appellee.

OPINION BY LINN, J., November 19, 1923:

Plaintiff has appealed, contending for a judgment in a larger amount than that rendered. It is a suit on a negotiable instrument, whereby defendant agreed to pay to the order of plaintiff the sum of $705.20. The statement of claim contained substantially the same averments as to liability on the instrument, and as to misuse thereof by plaintiff's treasurer, as were contained in the statement of claim filed by the same plaintiff against the

215, (1923).]          Opinion of the Court.

Real Estate Title Insurance and Trust Company, fully described in appeal No. 131, October Term, 1923, in which an opinion was this day filed. There is this essential difference between the cases: in this case an affidavit of defense was filed and the parties went to trial without a jury. The court found that the treasurer, Gesing, presented the check to the Northern Central Trust Company, plaintiff's depositary, and received from the teller, . $705.20, the face of the check, and immediately deposited with the same teller, to the credit of the plaintiff, the sum of $503.20. The court concluded that as so much of the proceeds of the check was actually deposited to plaintiff's credit, to that extent plaintiff suffered no loss by Gesing's alleged abuse of authority. No reason requiring defendant to pay that sum again has been suggested.

We ought perhaps add that defendant took no appeal. Judgment affirmed.